McKinney *et al. v.* The Town of Salem.

————◆◆◆————

### No. 8374.

### McKINNEY ET AL. *v.* THE TOWN OF SALEM.

LIQUOR LAW.—*Statute Construed.*—*Constitutional Law.*—The act of March 31st, 1879, Acts 1879, p. 201, authorizing towns to license the sale of intoxicating liquors, is not unconstitutional in so far as it affects the rights of dealers who had obtained license to retail intoxicating liquor from the county authorities, under the act of 1875.

SAME.—*License.*—A license to retail liquor is neither a contract nor a grant, but a mere permit, and the person who receives it does so with the tacit condition and knowledge that it is, at all times, within the control of the Legislature of the State.

PRACTICE.—*Admissions.*—Admissions made simply for the purposes of a particular trial can not be used against the party upon another and different trial.

From the Washington Circuit Court.

*H. Heffren, S. B. Voyles, J. A. Zaring* and *H. Morris,* for appellants.

*S. D. Hendricks* and *A. B. Collins,* for appellee.

ELLIOTT, C. J.—Appellants were prosecuted for the violation of a by-law of the town of Salem, prohibiting the sale of intoxicating liquors in less quantities than a quart, without a license from the town authorities.

The by-law upon which the action is founded was adopted pursuant to the authority conferred by the act of March 31st, 1879. The appellants insist that the act is unconstitutional in so far as it affects the rights of dealers who had obtained license to retail liquor from the county officers, under the act of 1875. The contention upon this point is, that the license obtained from the county officers conferred upon the person to whom it was granted a vested right which could not be impaired by subsequent legislation. The granting of a license is not the execution of a contract, and the counsel for appellants are in error in assuming, as they do, that a license issued pursuant to a general law of the State is a contract. The enactment of a law regulating the liquor traffic is an exercise of the police power of the State. The police power is a governmental one, and permits obtained under laws enacted in its exercise are not contracts. In enacting laws for the regulation of the business of retailing liquors, a sovereign power is asserted, and its exercise does not confer upon any officer authority to make a contract which will abridge or limit this great and important attribute of sovereignty. Sovereigns may make contracts which, under our constitution, will preclude them from impairing vested rights by subsequent legislation, but this result never follows the exercise of a purely police power. The right to legislate for the promotion and security of the public safety, morals and welfare, can not be surrendered or bartered away by the Legislature. *Stone* v. *Mississippi*, 101 U. S. 814; *Beer Co.* v. *Massachusetts*, 97 U. S. 25; *Patterson* v. *Kentucky*, 97 U. S. 501; *Boyd* v. *Alabama*, 94 U. S. 645; *Freleigh* v. *The State*, 8 Mo. 606; *Metropolitan Board*, etc., v. *Barrie*, 34 N. Y. 657; *Commonwealth* v. *Brennan*, 103

Mass. 70; *The State* v. *Fell*, 42 Md. 71. A license to retail liquor is nothing more than a mere permit; it is neither a contract nor a grant. The person who receives it takes it with the tacit condition and the full knowledge that the matter is at all times within the control of the sovereign power of the State.

The statute under examination is not subject to the objection urged against it.

The court admitted in evidence an agreement made between the parties at the time the case was tried in the justice's court. This agreement recites that "The parties to the above entitled cause, for the purpose of saving time and obviating the necessity of bringing witnesses to testify, do hereby agree that the following facts are true, for the purpose of trial before said justice, and that the same may be taken as true by him." This recital limits the agreement to the trial before the justice, and restricts its operation to the purposes of that trial, and the court erred in admitting it in evidence upon the trial of the cause on appeal. Admissions made simply for the purposes of a particular trial, can not be used against the party upon another and different trial. *Wheat* v. *Ragsdale*, 27 Ind. 191; *Hays* v. *Hynds*, 28 Ind. 531. For the error in admitting this evidence the judgment must be reversed.

Judgment reversed, at costs of the appellee.