### No. 10,073.

### THE STATE OF LOUISIANA AND POLICE JURY OF THE PARISH OF JEFFERSON VS. W. J. ISABEL.

When a party, charged with violating a parish ordinance inflicting a fine for certain prohibited acts, appears and files a plea or demurrer admitting the act, but setting up the nullity of the ordinance, the case involves a contestation as to constitutionality or legality of a fine or penalty imposed, and is appealable to this Court.

The State and police jury having both joined in the appeal, and the defendant being duly cited, all proper parties are certainly before us, and even if the joinder of appellants was unnecessary, it obviates all ground of objection to absence of parties which is urged in the motion.

Because a retailer of spirituous liquors has paid his license he does not become, on that account, exempt from the operation and effect of a police regulation, thereafter ordained by the police jury, in so far as his *subsequent* act, in violation thereof is concerned.

An ordinance passed and promulgated, subsequent to the issuance of a license to a retailer of spirituous liquors, denouncing a penalty of fine *against its violation*, by such person as shall keep his saloon open after 10 o'clock p. m., is not amenable to the charge of being an *ex post facto*, or retroactive law, unless the *act* sought to be punished was committed *antecedent* to its passage.

APPEAL from the First Justice's Court for the Parish of Jefferson. *Chapman, J.*

*G. Léche*, District Attorney, and *H. N. Gautier* for Plaintiffs and Appellants.

*W. L. Thompson* for Defendant and Appellee.

---

#### MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J.  The Police Jury of the Parish of Jefferson passed an ordinance forbidding the keeping open of taverns, coffee-houses and retail liquor shops after 10 o'clock at night or earlier than 4 o'clock in the morning, and inflicting as a penalty for its violation a fine of twenty dollars for each offense.

Defendant, prosecuted for such a violation, filed a written plea in which he expressly admits the facts charged, but sets up that the ordinance was null and void, because he had paid licenses to the State and

parish, and the ordinance passed after such payment was *ex post facto*. The justice sustained the plea or demurrer, from which judgment the appeal is taken.

The motion to dismiss is based on two grounds, viz.:

1st. That the case is unappealable:

This is untenable. It is apparent from the above statement that the case involves a contestation as to the constitutionality or legality of a fine or penalty imposed by a municipal corporation. This authorizes an appeal to this Court under Art. 81 of the Constitution.

2nd. That the proper persons are not made parties to the appeal.

Both the State and the police jury are parties appellant, and the defendant was duly cited as appellee, What other party is required we cannot conceive.

It may have been unnecessary for both the State and police jury to join in the appeal, but certainly their joinder obviates all possible defect of parties.

The motion to dismiss is, therefore, denied.

---

## ON THE MERITS.

WATKINS, J. The defendant was arrested on the charge of having violated the following ordinance of the Police Jury of the parish of Jefferson, Right Bank, viz.:

" All tavern and coffee-house keepers, and retailers of spirituous liquors, are forbidden to keep their houses open later than 10 o'clock p. m., or to reopen them earlier than 4 o'clock a. m. following ; *provided*, that they shall be allowed to keep open on each *Saturday* night until 12 o'clock, under penalty of a fine of twenty dollars for each and every contravention, unless they are authorized to do so by special permission from the police jury."

On the trial the defendant filed a demurrer to the proceedings against him under the foregoing ordinance, on the grounds substantially, viz.:

1st. That he had paid a State and parish license as a retailer of spirituous liquors previous to the enactment of the ordinance in question, under which he is entitled to keep his place of business open until 12 o'clock at night ; hence it violates the law.

2nd. That this ordinance, passed and promulgated subsequently to the issuance of his said licenses—if intended to control him in the exercise of all or any of his rights thereunder—is an " *ex post facto* law,

which is null and void and retrospective ; and, therefore, he prays to be hence dismssed," etc.

The justice of the peace sustained the demurrer and dismissed the proceedings against the defendant ; and, on his decision, the jurisdictional contention of legality *vel non* of the ordinance is here presented by the State, and parish of Jefferson.

Said ordinance was enacted and promulgated on the 23d of March, 1887, and defendant's violation of it is laid on *Monday*, the 19th of July following.

He relies on the provisions of Section 1 of Act 18 of 1886, as authority for keeping his place of business open until 12 o'clock at night.

That act is commonly known as " the Sunday law." It provides " that from and after the 31st day of December, 1886, all stores, shops, saloons and all places of public business, which are or may be licensed under the law of the State of Louisiana, or under any parochial or municipal ordinance, and all plantation stores, are hereby required to be closed at twelve o'clock on *Saturday* nights, and to remain closed continuously for twenty-four hours," etc.

There is no mention made of any other than Saturday night; and Sunday night. is included, by necessary inference. Argument is not needed to demonstrate the fallacy of defendant's contention in this particular. This statute is one which contains prohibitions and penalties alone. It does not purport to grant *any* privileges to any one. It was enacted and promulgated antecedent to the said ordinance of the police jury, and it is in no sense inconsistent therewith.

## II.

It appears, from the record, that the defendant paid for, and procured his State and parish licenses, on the 28th of February, 1887, antecedent to the adoption of said ordinance, and hence his contention that, if intended to apply to such persons as may have procured their State and parish licenses previously, it is an *ex post facto*, and retrospective law, and cannot be enforced against him.

In answer to this proposition the plaintiff's counsel contend that the police jury had ample warrant, in R. S. Sec. 2743, paragraph 6, for the enactment of the ordinance, as a police regulation ; and in this view he is correct.

For that section provides that " the police juries shall have power to make all such regulations as they may deem expedient.

\*      \*      \*      \*      \*      \*      \*      \*      \*

" To *regulate* the police of taverns and houses of public entertain-

ment and shops for retailing liquors in their respective parishes," etc.

It is an established fact that the alleged violation of the ordinance occurred long *after* its adoption.

We cannot understand in what respect it is an *ex post facto* or retroactive law.

A statute is said to be an *ex post facto* law when it is intended to punish crimes or offenses *committed antecedent* to its enactment; and is said to be retroactive when it is to be applied to *past* transactions.

But neither view has any application here, because the *act* sought to be punished occurred *subsequent* to the adoption of the ordinance.

We are referred to no provision of law, in force at the time the defendant procured his licenses, under the authority of which he was entitled to keep open his establishment until 12 o'clock at night, and the privilege of enjoying which the ordinance in question purports to abridge. And we are not aware of any. But, if there was, it would not result therefrom that the ordinance in question was either an *ex post facto* or retroactive law.

The defendant's counsel cites our opinion in Police Jury of Jefferson Parish (Right Bank), vs. Arleans, 34 Ann. 646, as conclusive against the enforcement of said ordinance.

An examination of it discloses that the defendant was proceeded against for an alleged violation of a police jury ordinance relating to ferries, and he was sought to be condemned to pay a fine, or, in default thereof, to be sentenced to a term of imprisonment. Resistance was made on the ground that the police jury was not warranted by the law in passing an ordinance denouncing the penalty of fine and imprisonment against the violation of its ferriage laws, enforceable in a criminal proceeding *in the name of the parish.*

The court sustained this view, and held that the law, " whilst providing for punishment by fines, expressly declares that the same may be recovered by *suit* brought in the name of the parish," etc. R. S. Sec. 2750.

But the question here is not whether the police jury could promulgate and enforce an ordinance directing proceedings against the violation of her police regulations by indictment or information, but whether it could enforce such an ordinance at all. It is not applicable

We are of the opinion that the ordinance drawn in question is a police regulation, which the police jury had a right to ordain, and that it is not amenable to the charge of being an *ex post facto* or retrospect-

ive law; and that the justice of the peace erred in sustaining the defendant's demurrer, and in dismissing the prosecution.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the cause be remanded and reinstated for further proceedings according to law, and the views herein expressed; the cost of appeal to be paid by the defendant and appellee, and those of the lower court to await the final decision of the cause therein.