## BROWN *vs.* THE STATE OF GEORGIA.

1. The legislature has the power to revoke licenses granted to retail liquors. Such a. license is not a contract by the State, county or city, with the person taking it out, but simply a permit granted by the authorities to do business under the license, and it may be revoked at any time.
2. Whenever the legislature fails to except, in a local option law for a particular county, persons who have already obtained license, its intention manifestly is to revoke the license.
3. A point made in the record but not insisted on in the argument nor in the brief submitted by counsel, will not be decided.
  November 12, 1888.

Liquor. License. Constitutional law: · Practice. Before Judge RICHARD H. CLARK. Dekalb superior court. February term, 1888.

Reported in the decision.

HOOPER ALEXANDER and J. B. STEWARD, for plaintiff in error.

J. S. CANDLER, solicitor-general, for the State.

SIMMONS, Justice.

Brown was convicted in the court below, upon the following agreed statement of facts:

"Defendant had paid the State and county tax; and had a license from the town council of the town of Stone Mountain, to sell domestic wines in said town up to the first day of January, 1888. And the defendant admits that he did sell and retail domestic wines after the 22d day of October, 1887, and up to the first day. of January, 1888, but that he has not sold any wines after the expiration of said licenses."

The defendant was found guilty, and he made a motion to set aside the judgment, upon two grounds. The only ground insisted on before us was, that the judgment was contrary to law. It appears that after he had obtained his license to sell, by retail, domestic wines in

the town of Stone Mountain and county of Dekalb, the legislature, by an act approved October 22d, 1887, (acts 1887, 854,) forbade the sale of "spirituous, vinous, malt or other intoxicating liquors, bitters or mixtures," except "the sale of wine for sacramental purposes, or of domestic wines or cider in quantities not less than a quart, made by and upon the premises owned or rented by the person selling." It was insisted that the judgment was contrary to law, in the first place, because Brown had obtained a license to sell domestic wines by retail up to the first of January, 1888, and that the legislature had no power to revoke this license by the passage of the act above cited, forbidding the retail of domestic wines in Dekalb county. It was insisted, in the second place, that unless the act expressly revoked the license, the court should construe the act so as to protect the licensee's rights under the license.

1. The law is now well-settled that the legislature has the power to revoke licenses granted to retail liquors. Such a license is in no sense a contract by the State, county or city, with the person taking out the license. It is simply a permit granted by the authorities to do business under the license; and the license may be revoked by the legislature at any time. See Cooley on Constitutional Limitations, 343, 474; Beer Co. *vs.* Massachusetts, 97 U. S. Rep. 25, 32; McKinney *vs.* Town of Salem, 77 Ind. 213; Fell *vs.* State, 42 Md. 71; 20 Am. Rep. 83; Metropolitan Board of Excise *vs.* Barrie, 34 N. Y. 657; Calder *vs.* Kurby, 5 Gray, 597.

2. As to the second point, we think the rule is contrary to the one insisted on before us. Whenever the legislature fails to except in the act persons who have already obtained license, it is manifest that their intention is to revoke the license. If the legislature sees proper to except persons who have taken out license, as

it did in the general local option law, then the selling under the license is legal until the license expires.

3. The other point made in the record was not insisted on before us in the argument, nor in the brief submitted by counsel. If counsel desire the ruling of this court on points made by them in their bills of exception, they must comply with the rules of the court in submitting their briefs. The twelfth rule requires counsel to furnish to each of the judges and the reporter a "brief of the points intended to be made in the argument, with the authorities relied on." The brief submitted by counsel for the plaintiff in error refers only to the points above decided. The other point not having been argued by counsel, and no statement of it submitted in the brief, we will not decide it.

Judgment affirmed.