The State, ex rel. Kelley, v. Bonnell.

No. 14,985.

THE STATE, EX REL. KELLEY, v. BONNELL.

MANDAMUS.—When Will Lie.—The remedy by mandate can only be invoked in cases where a clear legal right is invaded, and where the writ is required to protect the petitioner from substantial injury.

SAME.—License to Sell Intoxicating Liquors.—City.—A vender of intoxicating liquors can not maintain an action for a mandate to compel a city treasurer to accept a license fee under an ordinance of the city, in order that he may, prior to the expiration of a license previously issued to him, demand of the city clerk a new license.

INTOXICATING LIQUORS.—License.—Nature of.—Police Power.—A license to sell intoxicating liquors is not a contract, but a restrictive special tax imposed in the exercise of the police power of the State, and it may be changed or even annulled by the Legislature whenever the public welfare demands it.

From the Montgomery Circuit Court.

J. R. Courtney, for appellant.

W. T. Brush, for appellee.

ELLIOTT, C. J.—The relator seeks to compel the treasurer of the city of Crawfordsville to accept one hundred dollars as a license fee under the ordinances of the city, in order that he may demand of the clerk the license required of persons engaged in the business of selling intoxicating liquors. The license issued to the relator does not expire until the 7th day of September, 1889, and the tender was made on the 24th day of May.

The complaint is bad. The municipal authorities were not bound to issue a license to a person having an unexpired license, and the treasurer had no authority to receive the money tendered by the relator. It may well be that, in the interval between the 24th of May and the 7th of September, the city might desire to change its ordinances to conform to the act of March 11th, 1889. Elliott's Supp., section 1684. It was proper, therefore, for the treasurer to decline to em-

barrass or complicate action by receiving the money tendered him. Or it may be that during that time changes may take place which would render it improper to issue a license to the relator. At all events, the relator has no such clear legal right as is essential to sustain a petition for a mandate.

The grant of a license would not preclude action by the municipal authorities, for a license is not a contract. A license may be changed or even annulled by the supreme legislative power of the State whenever the public welfare demands it. *McKinney* v. *Town of Salem,* 77 Ind. 213; *Martin* v. *State,* 23 Neb. 371; *Brown* v. *State* (Ga.), 7 S. E. Rep. 915; *State* v. *Isabel,* 40 La. Ann. 340. A license is a restrictive special tax, imposed for the public good, and in the exercise of the police power of the State. *Emerich* v. *City of Indianapolis,* 118 Ind. 279; *Mugler* v. *Kansas,* 123 U. S. 623; *Burnside* v. *Lincoln County Court,* 86 Ky. 423; *State* v. *Mullenhoff,* 74 Iowa, 271. As the power to grant, withhold or annul licenses to sell liquor is an exercise of the police power, it follows that no limitation can be placed upon its exercise by any statutory provision. It is a power incapable of surrender or annihilation. *McKinney* v. *Town of Salem, supra; State* v. *Woodward,* 89 Ind. 110; *Stone* v. *Mississippi,* 101 U. S. 814. It is evident that no right of the relator was invaded by the refusal of the appellee to accept the money tendered, since he could have acquired no legal right by securing the coveted license. He has, therefore, no right to a mandate, for that is an extraordinary remedy that can be invoked only in cases where a clear legal right is invaded, and the writ is required to protect the petitioner from substantial injury. *Burnsville T. P. Co.* v. *State, ex rel., ante,* p. 382.

Judgment affirmed.

Filed June 25, 1889.