## NELSON v. THE STATE.

[No. 1,992. Filed April 20, 1897.]

INTOXICATING LIQUORS.—*License Not a Contract.*—A license to engage in the liquor traffic is not a contract, but a mere permit, and the applicant who receives it does so with the knowledge that it is at all times within the control of the legislature. *p. 413.*

SAME.—*Location and Arrangement of Room Where Liquors are Sold.* —*Where License Was Issued Prior to the Taking Effect of the Law.*— Section 4, of the act of March 11, 1895, requiring the room where liquors are sold to be located an a ground floor and so arranged that the interior may be seen from the street, and forbidding the obstruction of the view of the interior of the room during hours and days when the sales of liquor are prohibited. is valid as to persons doing business under licenses issued prior to the taking effect of the act. *p. 413.*

SAME.—*Duties of Peace Officer in Enforcing the Law.*—The fact that

section 7, of the act of March 11, 1895, makes it the duty of peace officers to enforce the provisions of the act in all towns and cities in which a saloon may hereafter be located does not excuse such officers from enforcing the law as to saloons in existence at the time of its taking effect.  *p. 414.*

SAME.—*Violation of a Statute May be Without Violating Every Provision.—Statute Construed.*—Under the general provision, in section 4, act of March 11, 1895, "For a violation of this or either of the foregoing sections of this act, the defendant shall be fined," etc., it is not necessary that all the provisions of a section be violated in order to make one liable to a fine.  *p. 414.*

SAME.—*Obstruction of View of Interior of Saloon on Fourth of July.—Statutory Construction.*—The obstruction of the view of a saloon on July 4, is an indictable offense, under section 4, act of March 11, 1895 (Acts 1895, p. 248), prohibiting the use of screens during those days and hours when sales are "prohibited by law," and under section 2194, Burns' R. S. 1894, providing that whoever shall sell, to be drank as a beverage, any intoxicating liquor upon the fourth of July, shall be "fined."  *pp. 414–416.*

SAME.—*Partial Obstruction of View of Interior of Saloon.—Statute Construed.*—Under section 4, of the act of March 11, 1895, providing that the room where liquors are to be sold be so arranged that the whole of said room may be in view of the street or highway, and that no blinds, screens or obstructions to the view shall be arranged or placed so as to prevent the "entire view of such room from the street," the obstruction of any material part of the room is a violation of the act.  *pp. 416, 417.*

From the Lake Circuit Court.  *Affirmed.*

*Johannes Kopelke*, for appellant.

*W. A. Ketcham*, Attorney-General, and *Merrill Moores*, for State.

COMSTOCK, C. J.—Appellant was indicted for a violation of the act of 1895 in relation to the sale of intoxicating liquors.  Acts 1895, page 248.

The indictment charges, in substance, that Charles Nelson, on the 4th day of July, 1896, at Lake county, Indiana, being then and there the owner and proprietor of a room having glass windows and doors, situ-

ated on the south half of lot 14, on Main street, in Hobart of said county, in which room intoxicating liquors were sold by him under a license theretofore issued to him under the laws of the State of Indiana, for the sale of liquors in less quantities than a quart at a time, with permission to drink the same on the premises where sold, "did then and there unlawfully arrange, erect, permit and place screens, curtains, glass and other obstructions to the entire view of said room over, across, upon and in front of said windows and doors of said room, then and there opening into and fronting upon a certain street and highway, then and there situated, upon which said room was then and there situated, and did then and there and thereby unlawfully prevent the entire view of the interior of said room from said street and highway upon which said room was then and there situated, said day being the 4th day of July, and a day upon which the sale of intoxicating liquors was prohibited by law."

Appellant's motions to quash the indictment, and in arrest of judgment, on the ground that the facts stated in the indictment did not constitute a public offense, were overruled. Exceptions were taken.

The overruling of these motions are the errors assigned. They present the question of the sufficiency of the indictment. Appellant's "first objection to the indictment is that it fails to charge that appellant was operating under a liquor license issued to him since the 'Nicholson Law' went into effect," claiming that the portion of the law applying to this case does not affect persons who obtained license to sell liquor before it went into effect, which was not till the 28th day of June, 1895, according to the Governor's proclamation. Citing Suth. St. Const. 464-468; Endlich Interp. St., 271; Potter Dwar. St., p 163 (note); Cooley Const. Lim. (2d ed.), p. 370, to the effect that retrospective

laws are not looked upon with favor; that where the intention as to being retrospective is doubtful, the statute will be construed as prospective only; that it should not receive such construction as to make it impair existing rights, create new obligations or impose new duties, unless such plainly appear to be the intention of the legislature; in the absence of such plain design it should be construed as prospective only.

We think this question is decided adversely to the appellant in *State* v. *Gerhardt*, 145 Ind. 439, in which opinion the court says: "It may be said that when he [licensee] accepted the license, under the statute, and embarked in the sale of intoxicating liquors thereunder, he must be deemed to have consented to all proper conditions and restrictions which had been imposed by the legislature, or which might in the future be imposed in the interest of the public morals and safety, relative to the traffic in such liquors, or to the place wherein he was granted a permit to sell the same, notwithstanding their burdensome character. *Decker* v. *Sargeant*, 125 Ind. 404; Black on Intox. Liq., section 50.'

"A license to engage in the liquor traffic is not a contract or grant, but a mere permit, and the applicant who receives it does so with the knowledge that it is at all times within the control of the legislature. *McKinney* v. *Town of Salem*, 77 Ind. 213; *State, ex rel.* v. *Bonnell*, 119 Ind. 494; *Moore* v. *City of Indianapolis*, 120 Ind. 483; Black on Intox. Liq., section 51."

We do not question the correctness of the proposition of law asserted by appellant's learned counsel, but we do not deem this provision retroactive. It is intended to regulate the manner of conducting a business which it is conceded the legislature possesses the right to regulate. It provides that certain restric-

tions and conditions shall apply to all who are licensed to engage in this business, whether they are licensed before or after the enactment of the law. It applies only to the conduct of the business after it takes effect. Appellant contends that if section 4, upon which this prosecution is based, is made to apply to those who, before its enactment, had been authorized to engage in the business, the imposition and wrong of driving them out of the business in many cases would result; that they may be located on a higher floor, or in a room not fronting on a street or highway, or in one that cannot be in view from the street, or they may be tenants who have no control over the arrangement of the room, nor any right to remove painted windows or other obstructions to the view.

Granted that this condition may exist, and applying the law in such instances, would result in inconvenience and expense, yet those accepting licenses must be presumed to do so with knowledge of the power of the legislature to impose additional restrictions upon those to whom they grant a permit.

The fact that section 7 makes it the duty of all peace officers to enforce the provisions of the act in all towns and cities in which a saloon may hereafter be located, does not excuse the officer from enforcing the law and its reasonable regulations as to saloons in existence at the time of its taking effect. Appellant questions the sufficiency of the indictment upon the further ground that it does not charge a violation of all of section 4, contending that the language, "violations of this or either of the foregoing sections," means the sections in their entirety. That section 4, above quoted, makes the provision for the place where a saloon may be located, and its arrangement with reference to the view of the street or highway; that the

section is violated only when a person fails to comply with it in both regards. And in the case at bar it is attempted to charge a violation of the second part, by maintaining screens and other obstructions to the view.

Under the decision in *State* v. *Gerhardt, supra,* the question is not open to discussion. "The violation of a section of this act may be, in part or as a whole, and in either case the penalty provided in section four is prescribed."

Appellant contends that in section 4, prohibiting the placing of screens during such days and hours when the sales of such liquors are prohibited by law, that the word "prohibited" means "to forbid by authority, to interdict, to hinder, to debar, to prevent, to preclude, and that when applied to the sale of liquors it means more especially to forbid it altogether, to enjoin it absolutely, and that in this sense the law does not prohibit the sale of intoxicating liquor in the State of Indiana on the 4th day of July." In support of this proposition, counsel contend that only two statutes of our criminal code touch the subject, namely, section 2195, Burns' R. S. 1894 (2099, R. S. 1881), which says that "It shall be unlawful for any druggist or druggist's clerk to sell, barter, or give away any spirituous, vinous, malt or other intoxicating liquor on Sunday; or upon the fourth day of July," etc., and section 2194, Burns' R. S. 1894 (2098, R. S. 1881), which reads: "Whoever shall sell, barter, or give away, to be drunk as a beverage, any * * * intoxicating liquor, upon Sunday, the fourth day of July, * * * shall be fined." And insisting that the act is not forbidden, only a penalty declared against it; that the inhibition is not general, not in all cases nor for all purposes; that it interdicts sales only when it is to be drunk as a beverage, and permits it

for medicinal, scientific, etc., purposes, except only "to be drunk as a beverage;" that the law under discussion does not say "liquor dealers shall not maintain screens in their places of business at times when liquors may not lawfully be sold as a beverage, but during such days when sales are prohibited by law;" that it must mean "at hours and seasons when sales are forbidden always, everywhere, to all," and that is the meaning of the word "prohibited;" and that the 4th day of July not being one upon which the sale of liquor is prohibited by law, the indictment charges no offense, and the court erred in overruling the motions to quash, and in arrest of judgment. We cannot concur in this proposition. The statute, without in terms forbidding the sale, provides a penalty. It is the penalty which is effective in the enforcement of laws. The enactment of the penalty is equivalent to forbidding the act, and while this may not "prohibit" in the sense of preventing all sales, it provides for the punishment of such as may be made contrary to the statute. See *Heddrich* v. *State*, 101 Ind. 564, 51 Am. Rep. 768.

Another error assigned is the overruling of the motion for a new trial. The motion for a new trial was on the ground that the court erred in giving each instruction given, and that the verdict was contrary to the law and to the evidence.

The evidence shows that the defendant (appellant) kept a saloon in Hobart; that on the 4th day of July, 1895, he had screens and curtains at the door of his saloon, and blinds, curtains and pictures in the windows towards the street, preventing and obstructing the view into the saloon.

Hans Hanson testified that on the 4th day of July, 1895, the saloon was arranged with curtains extending about six feet from the sidewalk (the floor), and that pictures were below the glass and the curtains.

He testified that he could not see in between the pictures and the wall or the door on either side. The defendant testified that the view of the interior of the room was not materially obstructed. There is evidence to sustain the verdict, and this court, under the rule, cannot reverse the judgment on the evidence.

The only instruction discussed reads as follows: "It is not necessary in this cause to show that the view of the whole room was obstructed, as under the statute it is unlawful in that manner to obstruct the view of any part of the room where intoxicating liquors are so sold. So, I instruct you, so far as this branch of the case is concerned, that if the defendant obstructed the view of any material part of the room in which the liquor was so sold, that this is prohibited by law. It is not necessary to show that the obstruction consisted in the maintaining or in having or arranging all of these different methods of obstruction that are mentioned in this indictment. If he obstructed the view in the manner I have explained to you by means of any of these things that are mentioned in the indictment, there would be a violation of the law, so far as this branch of the case is concerned."

Appellant bases his claim of error upon the interpretation given by the court to the language of the statute, "the entire view," and that in giving it, the court went far beyond the letter of the law. We understand the position of the learned counsel for appellant to be that the provision is not violated unless a view of the room is wholly obstructed; in other words, if a view is given of a part of the room, the statute is not violated. We believe that this interpretation of the statute is inconsistent with the evident aims of the legislature and the object it sought to accomplish. One purpose of the law is to prevent the

sale of liquor on certain days; to render the observation of sales on such days easy, dealers are forbidden to interpose any obstruction between the street and the interior of the room, which might prevent or render difficult for one on the street or highway on which the saloon fronts seeing what occurred inside. This purpose would not be accomplished if a part is screened in which a sale might be made.

The language of the statute is: "And said room shall be so arranged, either with window or glass door, as that the whole of said room may be in view from the street or highway, and no blinds, screens or obstructions to the view shall be arranged, erected or placed so as to prevent the entire view of said room from the street," etc.

It is, we think, clear from all the language used that the legislature intended that no material part of the room fronting the highway in which sales might be made should be hidden, by means named in the statute, from the view of persons passing in front thereof.

We think the instruction fairly stated the law of that branch of the case, and that there is no error in the record.

Judgment affirmed.

WILEY, J., took no part.