## State of Indiana, ex rel. Bucy, *v.* Troy, Auditor.

[No. 22,167. Filed April 23, 1912.]

1. INTOXICATING LIQUORS.—*Retail License.—Recovery of License Fee.*—The provision of §9 of the county local option law (Acts 1908 [s. s.] p. 4) that the holder of a license for the sale of intoxicating liquor should be refunded the amount of his license fee for the unexpired term upon surrender of such license within ninety days after an election at which the majority of the legal votes cast was against the sale of intoxicating liquors, only applied to licenses which were valid when issued.   p. 416.
2. INTOXICATING LIQUORS.—*Void License.—Recovery of License Fee.*—Where, on appeal from the action of the board of commissioners in granting a liquor license, the circuit court held the applicant not entitled to a license, the license granted became at the time of such judgment, absolutely void for all purposes, and there can be no recovery of the license fee paid. p. 416.

From Hancock Circuit Court; *Robert L. Mason*, Judge.

Action by the State of Indiana on the relation of Jasper Bucy against Charles H. Troy, auditor of Hancock county. From a judgment for defendant, the relator appeals.   *Affirmed.*

*Jesse Sanford* and *Thomas E. Glascock*, for appellant.

*James E. McCullough* and *William C. Welborn*, for appellee.

MORRIS, C. J.—This was a mandamus action against appellee.   The cause was tried by the court, which made a special finding of facts, and stated its conclusion of law thereon.   Judgment for appellee.   The only error assigned

here is in the lower court's conclusion of law, on the facts found.

The special finding discloses the following facts: On May 29, 1908, certain voters of Vernon township, Hancock county, by L. E. Yaryan, their attorney in fact, filed with the county auditor their remonstrance against the granting of any license for the sale, at retail, of intoxicating liquors within that township. Thereafter, at the June session of the board of commissioners, the remonstrance was declared and adjudged by the board to contain the signatures of a majority of the legal voters of the township. Acts 1905 p. 7, §8332 Burns 1908.

At the February, 1909, session of the board, the relator, Jasper Bucy, applied for a license to retail intoxicating liquors in the town of Fortville, in said Vernon township. The voters who filed the remonstrance of May 29, 1908, resisted the application on the hearing thereof, but the board granted it, and immediately thereafter, on February 15, 1909, on the payment of $100 to the county treasurer, and the filing of the bond required by law, the county auditor issued to the relator the license granted by the board, for the period of one year from February 15, 1909. The relator, under the license, engaged in the sale of intoxicating liquor, and continued the same until April 22, 1909, which was the last day of the February term of the Hancock Circuit Court, which commenced the first Monday of February.

Within ten days after the board made its decision, granting a license to applicant, the remonstrators appealed the cause to the circuit court.

On March 5, 1909, an election was held in Hancock county under the act of 1908, commonly known as the county local option law (Acts 1908 [s. s.] p. 4). The majority of the votes cast at the election was in favor of the prohibition of the sale of intoxicating liquors as a beverage, and the board, at its next session, pursuant to the provisions of §7 of said act of 1908, declared the result of the election.

On April 10, 1909, the remonstrators filed in the Hancock Circuit Court their answer to relator's application for a license, and relator filed a reply thereto, to which reply the remonstrators filed a demurrer. This demurrer was sustained by the court, and the relator declined to plead further. Thereupon the court entered judgment dismissing relator's application and refusing him a license.

On May 12, 1909, the relator filed with the county auditor the license issued to him, and surrendered the same, and demanded of the auditor and the board of commissioners the refunding to him of an amount proportionate with the unexpired time for which the license had been paid. The amount demanded was $80.83. A claim for that amount was filed by relator, which was, at the June session of the board, allowed, and the auditor was, by the board, ordered to draw his warrant on the treasurer of the county for that sum, in favor of relator. The auditor, on proper demand, refused to issue a warrant to relator for the payment of the above claim, though, at the time, there was sufficient money in the general funds of the county to satisfy it. This action was brought to compel the auditor, by writ of mandate, to issue a warrant for the amount of the claim.

The court concluded, on the above facts, that the law was with defendant, and that a writ of mandate should be denied.

In *State* v. *Sopher* (1901), 157 Ind. 360, 375, 61 N. E. 785, 790, this court said: "If the applicant does not choose to wait for the lapse of the ten days allowed for appeal, in case there has been a remonstrance, but takes out his license before the expiration of this limit, he places himself in an attitude of losing the license fee paid by him, in the event an appeal is taken by the remonstrators, and successfully prosecuted in the circuit court." See, also, *State, ex rel.,* v. *Bonnell* (1889), 119 Ind. 494, 21 N. E. 1101; *Haggart* v. *Stehlin* (1894), 137 Ind. 43, 35 N. E. 997, 22 L. R. A. 577; *Board, etc.,* v. *Kreuger* (1882), 88 Ind. 231, 234, and cases cited.

State, ex rel. *v.* Troy—177 Ind. 413.

The relator, however, claims the right to recover by virtue of §9 of the county local option act of 1908, *supra,* which reads as follows: "If a majority of the legal votes

1. cast at said election shall be in favor of prohibiting the sale of intoxicating liquors as a beverage in said county, then after ninety days from the date of holding said election, all licenses for the sale of intoxicating liquors granted in said county after the passage of this act shall be null and void, and the holder thereof shall be liable for any sale of liquors made by him thereafter the same as if a license had never been issued to him; if the holder of such void license shall surrender the same within ninety days from the date of holding said election, the county, town or city issuing said license shall refund to the holder an amount proportionate with the unexpired time for which the license fee shall have been paid: *Provided, however,* That no license issued prior to the passage of this act shall be terminated by virtue of this act or any vote thereunder."

The license isued to relator did not become void by reason of §9, above quoted. This section applied only to licenses which were valid when issued.

The license issued here, though it protected relator for a specified time from prosecution for sale of intoxicating

2. liquors, became void for all purposes when the circuit court adjudged relator not entitled to a license on his application. Consequently, when he subsequently, on May 12, surrendered the instrument issued to him on February 15, 1909, by the auditor, he surrendered something which was then, and had been since the circuit court rendered judgment on April 10, absolutely void. He never had any license to surrender, within the meaning of §9, *supra,* and consequently the allowance by the board, of relator's claim was void on its face. The lower court did not err in its conclusion of law. Judgment affirmed.

NOTE.—Reported in 98 N. E. 290. See, also, under (1 and 2) 23 Cyc. 153, 154. As to right or duty of municipal corporations to re-

fund liquor license fee on adoption of state prohibition, see 16 L.
R. A. (N. S.) 519. For a discussion of the right of a liquor licensee
to recover the fee paid when the license fails without his fault,
see 17 Ann. Cas. 187.