152 So. 330

**CITY OF SHREVEPORT v. HARRIS et al.**

No. 32637.

Jan. 2, 1934.

Chris Barnette, of Shreveport, for appellants.

C. B. Prothro, Asst. City Atty., of Shreveport, for appellee.

ST. PAUL, Justice.

Defendants appeal from a conviction and sentence for offering for sale vegetables and produce in the city of Shreveport on a Sunday.

Under Act No. 220 of 1912, amending section 11 of the city charter of Shreveport, said city is expressly given the power (fourth) "to prohibit and suppress desecration of the Sabbath day"; and, pursuant to said authority, said city passed its ordinance, No. 35 of 1933, forbidding, under penalty, inter alia, the selling, or offering for sale, of any vegetables or produce within the city on Sunday.

Defendants challenge the constitutionality of the law on the ground (1) that the grant of power "to prohibit and suppress desecration of the Sabbath day" is too vague and indefinite; and (2) that the act forbidden by the ordinance is not forbidden, and is therefore allowed, by the state-wide Sunday Law (Act No. 18 of 1886).

█ The term "desecrate" has a well-defined meaning. It means "to violate the sanctity of; to profane; to put to an unworthy use." Webster's International Dictionary. And what constitutes the profaning of the Sabbath day, or the putting of it to an unworthy use, is something which depends wholly on local public sentiment. What might be deemed harmless or negligible in one community might be deemed highly obnoxious and reprehensible in another; and the best index and barometer of local public sentiment is the local legislative body charged with the duty of putting into legislative form the public sentiment of its own community. Hence we conclude that the proper body to define "desecration of the Sabbath day" is the local authority in touch with the public sentiment of its community.

And to forbid the doing of a thing on the Sabbath whilst permitting it to be done on any other day is simply to define the doing of that thing on the Sabbath as a desecration of the Sabbath day.

The fact that the state-wide Sunday Law (Act No. 18 of 1886) does not itself forbid the selling and offering for sale of vegetables and produce on a Sunday is not a guaranty of the right to do so even though forbidden by other valid laws or ordinances. "This statute is one which contains prohibitions and penalties alone. It does not purport to grant any privileges to any one." State v. Isabel, 40 La. Ann. 340, 4 So. 1, 2.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.