233 Ind. 563 (1954)
122 N.E.2d 9
STATE OF INDIANA ON RELATION OF INDIANA ALCOHOLIC BEVERAGE COMMISSION
v.
SUPERIOR COURT OF MARION COUNTY, NIBLACK, JUDGE, ETC.
No. 29,232.
Supreme Court of Indiana.
Filed October 19, 1954.
Edwin K. Steers, Attorney General; and Robert M. Brown, Deputy Attorney General, for relator.
William S. Isham, of Fowler, Lenhardt E. Bauer, of *564 Terre Haute, and Cadick & Burns, of Indianapolis, for respondent.
Norman J. Neely, of Bloomington, and Hickam & Hickam, of Spencer, Amici Curiae.
FLANAGAN, C.J.
On August 18, 1954, the Indiana Alcoholic Beverage Commission revoked the liquor wholesaler's permit of Midwest Liquor Dealers, Inc. This was done after due notice and hearing, and upon the grounds that it, Midwest Liquor Dealers, Inc., had, contrary to the provisions of the statute governing possession of liquor wholesalers' permits, Burns' 1942 Replacement (Supp.), section 12-442, Acts 1947, chapter 148, section 2, page 454, a major stockholder who had been convicted of a felony.
Midwest Liquor Dealers, Inc., brought an action to the general term of the Superior Court of Marion County against the Indiana Alcoholic Beverage Commission to restrain it from enforcing its order. The restraining order was granted.
The State of Indiana on relation of the Indiana Alcoholic Beverage Commission then brought an original action in this court for a writ of prohibition to prevent the Superior Court of Marion County from enforcing its restraining order. This court issued a temporary writ of prohibition, and the question now is whether such temporary writ of prohibition should be made permanent.
If the Superior Court of Marion County had authority to issue its restraining order, the temporary writ of prohibition should be dissolved. If the Superior Court of Marion County did not have authority to issue its restraining order, the temporary writ of prohibition should be made permanent.
This court concludes that the Superior Court of Marion County did not have authority to issue *565 its restraining order, and therefore the temporary writ of prohibition must be made permanent. These are the reasons:
1. There is no inherent property right in a liquor permit, and the general law as to the issuance or revocation of such permit is within the power of the Legislature to prescribe. McKinney et al. v. The Town of Salem (1881), 77 Ind. 213; Moore v. The City of Indianapolis (1889), 120 Ind. 483, 22 N.E. 424; The State v. Gerhardt (1896), 145 Ind. 439, 44 N.E. 469; Nelson v. The State (1897), 17 Ind. App. 403, 46 N.E. 941; Midwest Beverage Co. v. Gates (1945), 61 F. Supp. 688. Therefore no constitutional question concerning taking property without due process of law is involved.
2. The Legislature has prescribed that there shall be no property rights in a wholesale liquor dealer's permit. Burns' 1942 Replacement (Supp.), section 12-443, Acts 1947, chapter 148, section 3, page 454.
3. There is no contractual right in a wholesale liquor dealer's permit. McKinney et al. v. The Town of Salem (1881), 77 Ind. 213, supra; Moore v. The City of Indianapolis (1889), 120 Ind. 483, 22 N.E. 424, supra; The State v. Gerhardt (1896), 145 Ind. 439, 44 N.E. 469, supra; Nelson v. The State (1897), 17 Ind. App. 403, 46 N.E. 941, supra; Midwest Beverage Co. v. Gates (1945), 61 F. Supp. 688, supra.
4. The permit then is strictly a creature of statute, and the rights of the permittee are such, and such only, as the statute gives. The only remedy given by statute from a decision of the Alcoholic Beverage Commission is the right to appeal as provided under section 12-921, Burns' 1942 Replacement, Acts 1939, chapter 30, section 7, page 79. The *566 applicable provision is found in section 12-445, Burns' 1942 Replacement (Supp.), Acts 1947, chapter 148, section 5, page 454, "capricious, arbitrary or political grounds."
The temporary writ of prohibition is now made permanent.
Bobbitt, Draper, Emmert, and Gilkison, JJ., concur.
NOTE.  Reported in 122 N.E.2d 9.