233 Ind. 667 (1954)
122 N.E.2d 612
STATE OF INDIANA ON RELATION OF POLLARD AND BURTON D/B/A ETC.
v.
SUPERIOR COURT OF MARION COUNTY, ROOM 3, BRENNAN, JUDGE.
No. 29,206.
Supreme Court of Indiana.
Filed November 30, 1954.
*670 Warren Barnett, of Princeton, Cook, Mendenhall & Bose, and Charles W. Cook, Jr., of Indianapolis, for relators.
Max M. Plesser, of Indianapolis, for respondents.
EMMERT, J.
This is an original action for an alternative writ of mandamus to compel the respondent court to expunge from the order book an entry dissolving a restraining order, and to mandate said court to grant a change of judge. We issued the alternative writ as prayed.
On July 1, 1954, relator filed a verified complaint in the Superior Court of Marion County Room 2 for a restraining order, temporary injunction and a permanent injunction to enjoin the Indiana Alcoholic Beverage Commission and the members thereof from enforcing an order revoking a permit to sell alcoholic beverages held by relators. On June 30th relators had filed notice of appeal from the order with the Commission, and an appeal bond as required by § 12-445, Burns' 1942 Replacement (Supp.), and § 12-921, Burns' 1942 Replacement. A restraining order was issued on July 1st, and July 12th at 10:00 A.M. was set for a hearing on the temporary injunction.
On July 9th the Indiana Alcoholic Beverage Commission and the members thereof, by the Attorney General, filed a special appearance and motion to dissolve the restraining order on the ground that the court had no jurisdiction of the subject-matter. On July 12th there was a vacation entry that the relators filed a motion to consolidate the action for the restraining order and temporary injunction with the appeal, which had been filed with the general term of the Superior Court of Marion County on July 9, 1954.
On July 14th, a vacation order book entry discloses *671 relators filed an affidavit for change of venue from Judge Norman E. Brennan. On July 16th Judge Norman E. Brennan dissolved the temporary restraining order.
Respondent filed an unverified return which attempts to set forth certain action by the respondent court and judge, but the same is not evidenced by any certified copies of the order book entries either with the return, or with the petition here. However, the relators in order to prevail here, must rely upon the strength of their own cause stated, and not on the omissions of the respondents. Rule 1-12 provides in part that, "When a change of judge is sought in vacation, the opposite party shall have three days' notice thereof." The record does not disclose any compliance with this rule, and assuming without deciding that the relators would otherwise be entitled to the change of judge, in the absence of compliance with this rule they are not entitled to mandate the change. State ex rel. Allen v. Fayette Circuit Court (1948), 226 Ind. 432, 81 N.E.2d 683.
Respondents in their return allege, as a matter of law, that the Superior Court of Marion County and the Judge thereof had no jurisdiction of the subject-matter to issue the restraining order. If the restraining order was issued without such jurisdiction, there could be no duty on the respondent judge to vacate his order dissolving the restraining order.
"A court is a creature of the law, instituted for the determination of questions of law and fact under defined restrictions and limitations. The territorial limits of its power, the subjects and classes over which its power may be exercised, the terms upon which it may put its power into action, are as firmly and clearly established as the right to adjudicate *672 when authorized to do so; and, though a court of general jurisdiction, it must proceed in the manner and upon the conditions imposed by the law, and an assumption of jurisdiction over a subject or a person, upon terms denied by the law, is as unwarranted and futile as the assumption of jurisdiction without its territorial limits. A departure from the limits and terms of jurisdiction is usurpation of power that imparts no validity whatever to its judgments and decrees. Works, § 10, p. 28, and authorities cited. Hence, we have the generally accepted rule that, when a court proceeds without jurisdiction of the subject-matter, its judgment is wholly void; and, adopting as our own the words of the court in Sheldon v. Newton, 3 Ohio St., 494, on page 498, `It is equally unimportant how technically correct, and precisely certain, in point of form, its record may appear; its judgment is void to every intent, and for every purpose, and must be so declared by every court in which it is presented.'" Lowery v. State Life Ins. Co. (1899), 153 Ind. 100, 102, 54 N.E. 442.
"It is well and firmly established that the jurisdiction and power of courts of equity to issue restraining orders is limited to the protection of civil and property rights. State ex rel. Fry v. Superior Court of Lake County et al. (1933), 205 Ind. 355, 186 N.E. 310; State ex rel. Feeney v. Superior Court of Marion County et al. (1934), 206 Ind. 78, 188 N.E. 486." State ex rel. v. Marion Circuit Court (1943), 221 Ind. 572, 574, 49 N.E.2d 538. This rule has been consistently followed by this court since the Fry case, supra. State ex rel. Zeller v. Montgomery Circuit Court (1945), 223 Ind. 476, 62 N.E.2d 149; State ex rel. Indiana Alcoholic Beverage Comm. v. Superior Court of Vanderburgh County (1951), 229 Ind. 483, 99 N.E.2d 247; State ex rel. Indiana Alcoholic Beverage *673 Comm. v. Superior Court of Marion County (Oct. 19, 1954), 233 Ind. 563, 122 N.E.2d 9.
"`To sell intoxicating liquor at retail is not a natural right to pursue an ordinary calling.' Black Intox. Liq., Sec. 48." State v. Gerhardt (1896), 145 Ind. 439, 462, 44 N.E. 469.[1] "The permit then is strictly a creature of statute, and the rights of the permittee are such, and such only, as the statute gives." State ex rel. Indiana Alcoholic Beverage Comm. v. Superior Court of Marion County (1954), 233 Ind. 563, 122 N.E.2d 9, 10, supra.
Since the opinion of Chief Justice Elliott in McKinney v. Town of Salem (1881), 77 Ind. 213, it has been well settled in this state that the issuance of a license to sell intoxicating liquor is an exercise of the police power of the state to protect the public morals, and confers no contract or property right. This opinion stated, "The granting of a license is not the execution of a contract, and the counsel for appellants are in error in assuming, as they do, that a license issued pursuant to a general law of the State is a contract. The enactment of a law regulating the liquor traffic is an exercise of the police power of the State. The police power is a governmental one, and permits obtained under laws enacted in its exercise are not contracts. In enacting laws for the regulation of the business of retailing liquors, a sovereign power is asserted, and its exercise does not confer upon any officer authority to make a contract which will abridge or limit this great and important attribute of sovereignty. Sovereigns may make contracts which, under our constitution, will preclude them from impairing *674 vested rights by subsequent legislation, but this result never follows the exercise of a purely police power. The right to legislate for the promotion and security of the public safety, morals and welfare, cannot be surrendered or bartered away by the Legislature. Stone v. Mississippi, 101 U.S. 814; Beer Co. v. Massachusetts, 97 U.S. 25; Patterson v. Kentucky, 97 U.S. 501; Boyd v. Alabama, 94 U.S. 645; Freleigh v. The State, 8 Mo. 606; Metropolitan Board, etc. v. Barrie, 34 N.Y. 657; Commonwealth v. Brennan, 103 Mass. 70; The State v. Fell, 42 Md. 71. A license to retail liquor is nothing more than a mere permit; it is neither a contract nor a grant. The person who receives it takes it with the tacit condition and the full knowledge that the matter is at all times within the control of the sovereign power of the State." (Pages 214, 215.) "It is to be borne in mind that the right to sell intoxicating liquors is not a natural and inherent or inalienable right, or a property or personal right. Atkinson v. Disher (1912), 177 Ind. 665, 98 N.E. 807; Gordon v. Corning (1910), 174 Ind. 337, 340, 92 N.E. 59; State ex rel. Kelley v. Bonnell (1889), 119 Ind. 494, 21 N.E. 1101." State ex rel. Ferguson v. Board of Commrs., etc. (1913), 179 Ind. 513, 515, 101 N.E. 813. No rule in Indiana is better established than that a license to sell intoxicating liquors is neither a contract nor a property right. State ex rel. Kelley v. Bonnell (1889), 119 Ind. 494, 21 N.E. 1101, supra; Moore v. City of Indpls. (1889), 120 Ind. 483, 491, 22 N.E. 424; Haggart v. Stehlin (1893), 137 Ind. 43, 54, 35 N.E. 997, 22 L.R.A. 577; State v. Gerhardt (1896), 145 Ind. 439, 467, 44 N.E. 469; Nelson v. State (1897), 17 Ind. App. 403, 406, 46 N.E. 941; State ex rel. Fry v. Superior Ct. of Lake County (1933), 205 Ind. 355, 186 N.E. 310, supra; State ex rel. Zeller v. Montgomery C. Ct. (1945), 223 Ind. 476, *675 62 N.E.2d 149, supra; State ex rel. Ind. Alcoholic Beverage Comm. v. Superior Ct. of Vanderburgh County (1951), 229 Ind. 483, 99 N.E.2d 247, supra; State ex rel. Ind. Alcoholic Beverage Comm. v. Superior Ct. of Marion County (1954), 233 Ind. 563, 122 N.E.2d 9, supra.[2]
In determining whether there is a want of jurisdiction of the trial court in the class of cases involved, "we will examine the complaint and the restraining order for the purpose of determining whether the subject-matter is within the jurisdiction of the court, and whether the court acted within its jurisdiction." State ex rel. Fry v. Superior Court of Lake County (1933), 205 Ind. 355, 362, 186 N.E. 310, supra.[3] The jurisdiction of the trial court to issue the restraining order is limited by the pleadings before it invoking that jurisdiction. State ex rel. Surprise v. Porter Circuit Court (1948), 226 Ind. 375, 382, 80 N.E.2d 107.
*676 "The jurisdiction and power of a court remain at rest until called into action by some suitor; it cannot by its own act institute a proceeding sua sponte. The action of a court must be called into exercise by pleading and process, procured or obtained by some suitor by filing a declaration, complaint, petition, or in some form requesting the exercise of the power of the court. Inasmuch as all courts are limited in the powers bestowed upon them, the petition should state, at least inferentially, each material fact necessary to be averred to constitute a cause of action, with a demand or prayer for the relief or judgment that the petitioner or declarant is entitled to, and while the petition or declaration need not be sufficient in law to withstand the test of a demurrer, it must be sufficient to warrant the court to grant the relief asked, and challenge its attention to the merits, authorizing the court to deliberate thereon. In the judgment of the writer the petition or declaration to support a valid judgment, even against a collateral attack, must be sufficient to withstand and support a judgment, had the defendant appeared and gone to trial without objection to the pleading, and then, after verdict, filed a motion in arrest." Brown on Jurisdiction (2d Ed.) § 2a, pp. 8, 9. There is no presumption that the trial court had jurisdiction for its intrinsic record shows it had none. State ex rel. Ayer v. Ewing (1952), 231 Ind. 1, 106 N.E.2d 441.
Under the undisputed record in this cause, the relators did not state a cause of action for a restraining order and injunction, nor could they under the law ever amend their complaint to state such a cause of action for the protection of a beer wholesaler's permit. In contemplation of law they filed no more than a blank piece of paper which could not *677 confer jurisdiction on the trial court to issue a restraining order or injunction.
Under § 12-445, Burns' 1942 Replacement (Supp.) the holder of a wholesaler's permit is protected against an adverse ruling in denial, revocation or renewal thereof by the Indiana Alcoholic Beverage Commission "on capricious, arbitrary or political grounds" by an appeal to the general term of the Superior Court of Marion County. Neither § 12-921, Burns' 1940 Replacement, nor § 12-445, Burns' 1942 Replacement (Supp.), provide that the appeal vacates or stays the effect of the order of the Commission. The order of the Commission is presumed correct until overcome on appeal by evidence to the contrary proving the statutory causes. The Commission is an administrative board, and on appeal the trial court cannot try the matter de novo. In re Northwestern Indiana Telephone Co. (1930), 201 Ind. 667, 171 N.E. 65. The appeal does not vacate the order of the Commission. If the Legislature determines an appeal should vacate the order of the Commission, it will have to say so by statute. Even if the order of the Commission had had the effect of a judgment of a court, an appeal, even if a stay of execution be granted, would not authorize the appealing party to do any act which by the judgment he was forbidden to do. Walls v. Palmer (1878), 64 Ind. 493.[4] See also Ewbank, Manual of Practice (2d *678 Ed.) § 177, p. 366, and authorities therein cited. This is the effect of our recent decision in State ex rel. Indiana Alcoholic Beverage Comm. v. Superior Court of Marion County (1954), 233 Ind. 563, 122 N.E.2d 9, supra. Under the unbroken line of authorities cited in this opinion, the trial judge properly vacated the restraining order.
The alternative writ of mandamus heretofore issued is now vacated and annulled.
Gilkison, C.J., Draper and Flanagan, JJ., concur.
Bobbitt, J., concurs in result.
NOTE.  Reported in 122 N.E.2d 612.
NOTES
[1] "There being no inherent or natural right to sell intoxicating liquors, its regulation is wholly within the police powers of the state. State v. Finney (1903), 178 Mo. 385, 77 S.W. 992; Koepke v. State (1903), 68 Neb. 152, 93 N.W. 1129; Sopher v. State (1907), 169 Ind. 177, 14 L.R.A. (N.S.) 172." Gordon v. Corning (1910), 174 Ind. 337, 342, 343, 92 N.E. 59.
[2] "The grant of a license would not preclude action by the municipal authorities, for a license is not a contract. A license may be changed or even annulled by the supreme legislative power of the State whenever the public welfare demands it. McKinney v. Town of Salem, 77 Ind. 213; Martin v. State, 23 Neb. 371; Brown v. State (Ga.), 7 S.E. Rep. 915; State v. Isabel, 40 La. Ann. 340." State ex rel. Kelley v. Bonnell (1889), 119 Ind. 494, 495, 21 N.E. 1101.

"It is, however, abundantly settled that a license or permit issued in pursuance of a mere police regulation has none of the elements of a contract, and that it may be changed, or entirely revoked, even though based upon a valuable consideration. Cooley Const. Lim. 5th ed., p. 343.
"A license issued under the law regulating the sale of intoxicating liquors has neither the qualities of a contract nor of property, but merely forms a part of the internal police system of the State. Metropolitan Board v. Barrie, 34 N.Y. 657. No one can acquire a vested right in a mere statutory privilege so as to bind the State, or prevent a change of policy as the varying interests of society may require. Cooley Const. Lim. 5th ed., p. 473." Moore v. City of Indpls. (1889), 120 Ind. 483, 491, 22 N.E. 424.
[3] "In cases of collateral attack upon a judgment, the question of the jurisdiction of the subject-matter depends upon the allegations of the pleading which invoked it and not upon the facts." Waugh v. Board of Commrs. (1917), 64 Ind. App. 123, 135, 115 N.E. 356.
[4] "The effect of the appeal and supersedeas is to stay the judgment of suspension as it is, and prevent further proceedings against the petitioner. It does not reverse, suspend or supersede the force of the judgment. That remains in all respects the same. The judgment itself requires no further execution than its own terms; it executes itself, except as to the collection of costs, which is stayed by the appeal and supersedeas. The only effect of an appeal to a court of error, when perfected and while pending, is to stay execution upon the judgment from which it is taken. Montgomery v. Jones, 5 Ind. 526; Nill v. Comparet, 16 Ind. 107; Burton v. Reeds, 20 Ind. 87; Burton v. Burton, 28 Ind. 342.

"An appeal from a judgment will not authorize or allow the party appealing to do any act which, by the judgment, he is forbidden to do. The State, ex rel. Matthews v. Chase, 41 Ind. 356." Walls v. Palmer (1878), 64 Ind. 493, 496.