STATE EX REL. INDIANA ALCOHOLIC BEVERAGES COMMISSION ET AL. *v.* CIRCUIT COURT OF MARION COUNTY ET AL.

[No. 27,882.   Filed June 25, 1943.]

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for relators.

*Bachelder & Bachelder,* of Indianapolis, for respondents.

PER CURIAM.—This is an original action seeking a writ prohibiting the respondents from enforcing a restraining order issued in an action against the relators.

The order restrained the relators from interfering with the business of the holder of a retail alcoholic beverage permit, and mandated the commission to restore the permit that had been revoked and all other property seized under orders made by the relators, and to rescind all orders made in connection with the revocation of the permit.

A temporary writ of prohibition was issued, restraining the respondents from enforcing the order insofar as it affects the revocation of the permit, and from making any further orders affecting the validity of the permit, and from enforcing the restraining order

generally except that part thereof which required the return of the plaintiffs' tangible property.

The respondents' return is to the effect that it was believed that the restraining order was consistent with a rule laid down in *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 5 N. E. (2d) 501, and *Klipsch v. Indiana Alcoholic Beverage Commission* (1939), 215 Ind. 616, 21 N. E. (2d) 701. It has been concluded that the cases relied upon by the respondents are not in point.

It is well and firmly established that the jurisdiction and power of courts of equity to issue restraining orders is limited to the protection of civil and property rights. *State ex rel. Fry* v. *Superior Court of Lake County et al.* (1933), 205 Ind. 355, 186 N. E. 310; *State ex rel. Feeney* v. *Superior Court of Marion County et al.* (1934), 206 Ind. 78, 188 N. E. 486. A license to sell alcoholic beverages at retail is not property. If, by valid order, the license is revoked, the privilege of selling expires. If the order attempting to revoke the license is invalid and void, the privilege of selling continues without the intervention of any court, by injunction or otherwise. If law enforcement officers bring criminal proceedings upon the ground that the license has been legally revoked when it has not been so revoked, the defendant has a complete and adequate remedy at law in his defense that he was selling under a license which was in legal effect. See *State ex rel. Fry* v. *Superior Court of Lake County et al., supra.*

The temporary writ of prohibition heretofore issued is made permanent.

NOTE.—Reported in 49 N. E. (2d) 538.