229 Ind. 483 (1951)
99 N.E.2d 247
STATE EX REL. INDIANA ALCOHOLIC BEVERAGE COMMISSION
v.
SUPERIOR COURT OF VANDERBURGH COUNTY ET AL.
No. 28,776.
Supreme Court of Indiana.
Filed June 8, 1951.
*484 J. Emmett McManamon, Attorney General, Allen A. Appleton, Deputy Attorney General, and Clyde H. Jones, First Assistant Attorney General, for relator.
Theodore Lockyear, of Evansville, for respondents.
JASPER, J.
This is an original action by the relator against the Superior Court of Vanderburgh County and the Judge thereof to prohibit the respondents from exercising further jurisdiction in Cause No. B-9245, captioned Uel S. Flanigan and Lydia Flanigan v. Indiana Alcoholic Beverage Commission et al., pending in the Superior Court of Vanderburgh County.
The petition reveals that Uel S. Flanigan and Lydia Flanigan held a permit issued by the State of Indiana to sell beer and wine at retail. The permittees were charged with the selling of alcoholic beverages to a minor, contrary to the laws of this state, and, after a hearing and rehearing, the permit was suspended for thirty days from 7:00 a.m. on March 12, 1951.
The permittees filed an injunction suit in the Superior Court of Vanderburgh County to enjoin the Indiana Alcoholic Beverage Commission from enforcing its suspension order, and to have subsections (a) and (b) of § 12-443, Burns' 1942 Replacement (1949 Supp.), declared unconstitutional. The trial court issued a restraining order. A plea in abatement was filed to the injunction suit, along with a motion to dissolve the restraining order and dismiss the action. The trial court sustained the plea in abatement, dissolved the *485 restraining order, and dismissed the action. A stay of judgment was granted pending appeal to this court. Thereafter contempt proceedings were filed against each individual member of the Indiana Alcoholic Beverage Commission for failure to return the permit to Uel S. Flanigan and Lydia Flanigan pending the appeal. A motion to quash the citation and to discharge the rule was overruled by the trial court.
A temporary writ of prohibition then was issued by this court.
The relator contends that the trial court is without jurisdiction in the injunction suit, and is without jurisdiction to issue a contempt citation, for the reason that there is no property right involved. Subsections (a) and (b) of § 12-443, Burns' 1942 Replacement (1949 Supp.), supra, provide as follows:
"(a) No person shall be deemed to have any property right in any beer wholesaler's permit, beer retailer's permit, beer dealer's permit, liquor wholesaler's permit, liquor retailer's permit, liquor dealer's permit, wine wholesaler's permit, wine retailer's permit or wine dealer's permit, nor shall said permit itself or the enjoyment thereof be considered a property right.
"(b) All liquor retailer's permits, liquor dealer's permits, wine retailer's permits, wine dealer's permits, malt beverage retailer's permits and malt beverage dealer's permits shall be issued, suspended or revoked in the absolute discretion and judgment of the commission. No court shall have jurisdiction of any action, either at law or in equity, to compel the issuance of any such permit, or to revoke, annul, suspend or enjoin any action, ruling, finding or order of the commission suspending or revoking any such permit, and the consent of the sovereign state of Indiana is hereby expressly withdrawn and denied in any such action, either at law or in equity."
*486 The Legislature, in subsection (a) of the last-cited statute, specifically says there shall be no property right in a beer and wine permit. This court has held that a permit to sell alcoholic beverages is not a vested property right. State ex rel. Fry v. Superior Court of Lake County (1933), 205 Ind. 355, 186 N.E. 310; State ex rel. v. Marion Circuit Court (1943), 221 Ind. 572, 49 N.E.2d 538; State ex rel. v. Montgomery Circuit Court (1945), 223 Ind. 476, 62 N.E.2d 149. It is the well-settled law of this state that a restraining order and injunction will be granted only when a civil or property right is involved and there is no adequate remedy at law. State ex rel. v. Montgomery Circuit Court, supra.
To be empowered to act, a trial court must not only have jurisdiction of the parties and of the subject matter, but also have jurisdiction of the particular class of cases. State ex rel. Ferger v. Circuit Ct. (1949), 227 Ind. 212, 216, 84 N.E.2d 585. In the case now before us, the trial court did not have jurisdiction of the particular class of cases.
The trial court had no jurisdiction to grant a restraining order or an injunction against the Indiana Alcoholic Beverage Commission which would in any manner interfere with the granting or suspension of a beer and wine permit, because there is no property right involved. It follows from what we have said that if the trial court had no jurisdiction in the injunction suit, it had no jurisdiction to issue a citation for contempt based upon the violation of a restraining order.[1]
*487 The temporary writ of prohibition is made permanent.
NOTE.  Reported in 99 N.E.2d 247.
NOTES
[1] See 17 C.J.S., Contempt, § 14, p. 19.