BARTENDERS, HOTEL & RESTAURANT EMPLOYEES UNION LOCAL 103, A. F. OF L. OF SOUTH BEND, ET AL. *v.* CLARK RESTAURANTS, INC.

[Appellate Court No. 18,213. Transfer denied February 18, 1952.]

*Edward B. Smith,* of South Bend, for appellants.

*Crumpacker, May, Beamer, Levy & Searer,* of South Bend, for appellee.

## SEPARATE OPINION CONCURRING IN
## DENIAL OF TRANSFER

EMMERT, J.—The fact that the petition to transfer is denied does not indicate an approval is given all the language of the Appellate Court in deciding this appeal. 122 Ind. App. 165, 102 N. E. 2d 220. See *Citizens Independent Tel. Co.* v. *Davis* (1951), 229 Ind. 217, 97 N. E. 2d 491.

Nor should it be understood that, by denial of the transfer, this court is approving the interpretation given the majority opinion in *State ex rel. Harp* v. *Vanderburgh Circuit Court* (1949), 227 Ind. 353, 85 N. E. 2d 254. The issues in the Harp case did not involve special findings of facts and conclusions of law, and there is nothing in the Harp opinion that indicates the finding was other than general. The fact that one of the digesters has erroneously included the Harp case under the heading of "Special Findings" can in no way alter the facts involved in that decision. An entirely different situation is involved under the special requirements of Ch. 12 of the 1933 Acts, §§40-501 to 40-514, Burns' 1940 Replacement.[1]

---

[1] This act is specific in requiring special findings of facts before the granting of a restraining order, or a temporary or a permanent injunction in a case involving or growing out of a labor dispute as therein defined.

"No court of the state of Indiana, as herein defined, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this act; . . ." Section 40-501, Burns' 1940 Replacement.

"No court of the state of Indiana shall have jurisdiction to issue a temporary or permanent injunction in any case . . . except after findings of fact by the court . . . ." Section 40-507, Burns' 1940 Replacement.

"No restraining order or temporary or permanent injunction shall be granted in a case involving or growing out of a labor

The practice is quite well settled as to the making and filing of special findings of facts and conclusions of law under §2-2101, Burns' 1946 Replacement. The special findings must be signed by the judge who tried the cause, and the record must show that the special findings and conclusions were filed in order to present any question on appeal based thereon. Sections 53.28 and 53.29, Lowe's Revision, Works' Indiana Practice.

Under the clear provisions of Ch. 12 of the 1933 Acts, §§40-501, *et seq.*, Burns' 1940 Replacement, the findings of fact *must be made and filed in the cause and precede the judgment.* However, as we interpret the petition for transfer this matter was not placed in issue here, so our denial of transfer must not be taken as any indication that this court is willing to deviate from any of the well recognized common law and statutory requirements for proper special findings made at the proper time.

NOTE.—Reported in 103 N. E. 2d 686.

dispute, except on the basis of *finding of facts made and filed by the court in the records of the case prior to the issuance of such restraining order or injunction;* . . . as shall be expressly included in said *findings of fact made and filed by the court as provided herein.*" (Italics supplied.) Section 40-509, Burns' 1940 Replacement.

"The Norris-LaGuardia Act contains a number of conditions which the court must find to exist before an injunction can be granted to restrain the commission or threatened commission of unlawful acts involved in a labor dispute. These are limitations on the court's power to grant relief. Not some, but all of these conditions precedent must be present or met." *General Electric Co.* v. *Gojack* (1946), 68 F. Supp. 686, 689.