STATE EX REL. LOCAL UNION NO. 414 ETC. ET AL. *v.*
ALLEN CIRCUIT COURT ET AL.

[No. 29,831. Filed February 23, 1960. Rehearing denied April 27, 1960. Order withdrawing and expunging dissenting opinion of Jackson, J., May 11, 1960.]

---

*Edward J. Fillenwarth* and *Gregg, Fillion, Fillen-warth & Hughes*, of Indianapolis, for petitioners.

*Maxwell P. Smith* and *Ralph R. Blume*, both of Fort Wayne, for respondents.

LANDIS, J.—Relators have filed petition for writ of prohibition asking that respondent court be enjoined from taking any further action in cause number 27735 in the Allen Circuit Court wherein Town and Country Food Co., Inc., had obtained a restraining order without notice and a temporary injunction against relators after a hearing thereon and the introduction of evidence. The petition for the writ further asks that the restraining order and temporary injunction issued by respondents be expunged.

The complaint filed by Town & Country Food Co., Inc., against relators in respondent court alleges as follows:

"That plaintiff . . . [therein was in the] business of selling and distributing . . . [food] and home freezers. . . . [That it maintained] offices and warehouse and storage facilities . . . in Fort Wayne, Indiana, . . . and deliver[ed] . . . directly to its customers, . . . in Indiana, Michigan and Ohio. . . .

"That plaintiff employ[ed] at its Fort Wayne . . . [location] approximately One Hundred (100) drivers, warehousemen, clerks, . . . [etc.]. None

of these employees [were] members of . . . [relator's union which was picketing plaintiff's plant].

"That plaintiff ha[d] no dispute . . . with any of its employees . . . or . . . with [relator] union or any of its members concerning terms or conditions of employment, . . . or representation, . . .

". . . [That relators were] picketing plaintiff's . . . [business with fraudulent placards indicating] . . . plaintiff's employees [were] striking when in fact . . . [they were] not striking.

"Wherefore plaintiff pray[ed] [for damages . . . a[n] . . . injunction . . . and [a] restrain[ing order]. . . ."

Relators filed motion to dissolve the restraining order and motion opposing application for injunction in respondent court alleging plaintiff was engaged in interstate commerce and that the United States had preempted the field of labor-management relations in interstate commerce to the exclusion of the individual states, and that the restraining order was invalid for enjoining all picketing, including peaceful picketing.

While the record does not show a specific ruling on these motions filed on March 20, 1959 and April 2, 1959, respectively, it does appear that both plaintiff below and defendants-relators participated in a hearing before respondent court at which evidence was heard on plaintiff's application for a temporary injunction and on April 23, 1959, respondent overruled defendants'-relators' oral motion to find for said defendants, and on said date entered its finding of facts pursuant to the statute[1] and granted the temporary injunction prayed for by plaintiff.

As appeals from interlocutory orders granting temporary injunction are appealable under the statutes gov-

---

1. Burns' §40-509 (1952 Replacement), being Acts 1933, ch. 12, §9, p. 28.

erning such appeals,[2] it is apparent that defendants-relators could have appealed from the interlocutory order of April 23, 1959, granting the injunction after the hearing had thereon, and could have there raised the questions here sought to be raised by relators' petition for writ of prohibition filed in this court on August 6, 1959.

As a general rule the extraordinary remedy of mandamus or prohibition in this court should not be resorted to in order to raise questions which an aggrieved party or parties could have heretofore raised by way of appeal from the judgment or ruling of the lower court. See: *State ex rel. Rans, Jr.* v. *Fulton Cir. Ct. et al.,* (1960), 240 Ind. 288, 164 N. E. 2d 111; *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407.

As the record discloses the remedy of appeal was available to defendants-relators to raise the questions they later have sought to raise in this original action for writ of prohibition, we must decline to entertain these proceedings.

The petition for writ of prohibition is denied.

Arterburn, C. J., and Bobbitt, J., concur.

Jackson, J., dissents without opinion. See Headnote.

Achor, J., not participating because of illness.

NOTE.—Reported in 164 N. E. 2d 648.

---

2. Burns' §2-3218 (1946 Replacement), being Acts 1921, ch. 251, §1, p. 741; Burns' §40-510 (1952 Replacement), being Acts 1933, ch. 12, §10, p. 28.