LARWIN P. DAGLEY AND VIRGINIA DAGLEY, d/b/a DAGLIONA'S LOUNGE v. THE INCORPORATED TOWN OF FAIRVIEW PARK

[No. 1-477A88. Filed January 30, 1978.]

*James P. Savage*, of Clinton, *James F. Gallagher,* of Clinton, *R. David Bray, White, White & Bray,* of Covington, for appellants.

*Henry J. Antonini,* of Clinton, for appellee.

ROBERTSON, C.J.—Lawrin P. Dagley and Virginia Dagley, the owners and operators of Dagliona's Lounge (Dagleys) bring this appeal from a negative judgment of the Fountain Circuit Court.

The facts from which this controversy arose are as follows:

On October 8, 1968, upon urging by the Dagleys, the Board of Trustees of the Town of Fairview Park (Board of Trustees) enacted Ordinance #7, which allowed liquor sales permits to be issued in the town. Pursuant to Ordinance #7 and in compliance with the rules and regulations of the Indiana Alcoholic Beverage Commission (A.B.C.), Dagleys secured a liquor retailer's permit which allowed them to operate and maintain a cocktail lounge in Fairview Park.

On January 4, 1971, the Board of Trustees enacted Ordinance #10, which repealed Ordinance #7. Ordinance #7 allowed the A.B.C. to issue a permit for sale of liquor in Fairview Park, and Ordinance #10 prohibited the same.

The Board of Trustees met with the Dagleys following the enactment of Ordinance #10, but prior to any notification to the A.B.C. concerning the repeal of Ordinance #7. The Dagleys had requested reconsideration of Ordinance #10, and on April 12, 1971, the Board of Trustees held a special meeting to discuss the situation in an attempt to reach some kind of agreement. The Dagleys and their attorney were present at the meeting which ended without anything being accomplished.

The Town of Fairview Park later informed the A.B.C. of the passage of Ordinance #10. The Dagleys were notified that their alcoholic beverage permit was revoked by the A.B.C. on May 24, 1972, pursuant to Ordinance #10. On October 5, 1972, the A.B.C. denied their application for renewal of their retail liquor sales permit because of the repeal of the enabling Ordinance #7.[1]

---

1. An enabling ordinance is required of towns the size of Fairview Park before the A.B.C. will issue liquor sales permits. IC 1971, 7-1-1-19 (Burns Code Ed.).

On October 23, 1972, Dagleys filed their complaint which sought to enjoin the enforcement of Ordinance #10. They requested that the Vermillion Circuit Court grant a temporary restraining order as well as temporary and permanent injunctions. The temporary restraining order was granted, and a hearing was set on the order and for consideration of the request for a temporary injunction. After a change of venue and subsequent hearing, the trial court found against the Dagleys. The Dagleys then filed their Motion to Correct Errors which the trial court overruled with this appeal resulting.

Dagleys are appealing from a negative judgment. Our courts have consistently held that an allegation by one having the burden of proof at trial that the judgment rendered against him is contrary to the evidence or not supported by sufficient evidence raises no issue for review. A negative judgment may only be attacked as being contrary to law. This court will neither weigh the evidence nor resolve questions of credibility of witnesses, but will consider only the evidence most favorable to the appellees, together with all reasonable inferences therefrom. It is only where the evidence leads to but one conclusion and the trial court has reached an opposite conclusion that the decision of the trial court will be disturbed as contrary to law. *Link v. Sun Oil Co.* (1974), 160 Ind. App. 310, 312 N.E.2d 126; *Fisel v. Yoder* (1974), 162 Ind. App. 565, 320 N.E.2d 783.

The four issues presented for review in Dagleys' Motion to Correct Errors and argued in their brief, are:

1. Whether the trial court erred as a matter of law in finding that the issuance of the license to the Dagleys to sell alcoholic beverages conferred no contract or property right on the plaintiffs protected by the Constitution of the United States or of this State or by equity under the facts of this case.

2. Whether the trial court erred in finding that the enactment of Ordinance #10 was legal and was enacted pursuant to the laws of this State and is a valid and legal ordinance in full force and effect in the Town of Fairview Park.

3. Whether the trial court erred in finding that the enactment of Ordinance #10 was a proper legislative decision by the Board of Trustees.

4. Whether the trial court erred in finding that the Dagleys were not entitled to have a permanent injunction enjoining the Board of Trustees from enforcing Ordinance #10.

The law is well settled that the issuance of a license or permit to sell intoxicating liquor is an exercise of the police power of the state to protect the public morals and confers no contract or property right. *State ex rel. Pollard et al., etc. v. Superior Court of Marion County* (1954), 233 Ind. 667, 122 N.E.2d 612; *State v. Superior Court of Marion County* (1964), 245 Ind. 339, 197 N.E.2d 634.

The Indiana General Assembly explicitly provided in IC 1971, 7-2-1-14 (Burns Code Ed.) that:

"(a) *No person shall be deemed to have any property right in any beer wholesaler's permit, beer retailer's permit, beer dealer's permit, liquor wholesaler's permit, liquor retailer's permit, liquor dealer's permit, wine wholesaler's permit, wine retailer's permit or wine dealer's permit, nor shall said permit itself or the enjoyment thereof be considered a property right.*

(b) All liquor retailer's permits, liquor dealer's permits, wine retailer's permits, wine dealer's permits, malt beverage retailer's permits and malt beverage dealer's permits shall be issued, suspended or revoked in the absolute discretion and judgment of the commission. No court shall have jurisdiction of any action, either at law or in equity, to compel the issuance of any such permit, or to revoke, annul, suspend or enjoin any action, ruling, finding or order of the commission suspending or revoking any such permit, and the consent of the sovereign state of Indiana is hereby expressly withdrawn and denied in any such action, either at law or in equity.

(c) All permits heretofore issued before the effective date of this act shall terminate, become null and void one [1] year, including the date on which the same may be issued, after the time of issuance, whether the same be issued pursuant to law, rule or regulation, or otherwise. All permits issued by the commission shall be in force for one [1] calendar year only including the day upon which the same is granted, and at the expiration of said year, such permits shall be fully expired, null and void." (Emphasis added).

Thus, it was clearly the intent of the legislature, an intent upheld repeatedly by the Indiana courts on appeal, that a license to sell alcoholic beverages is not property in a constitutional sense. Therefore, no constitutional question concerning the taking of property without due process of law arises in the case at bar.

The Dagleys next challenge the legality of Ordinance #10 in that the Board of Trustees failed to publish any notice of the proposed ordinance prior to its adoption.[2]

IC 1971, 18-3-1-48 (Burns Code Ed.) sets forth the publication requirements governing the legislative actions of a town board:

> "The town board may make and establish such by-laws, ordinances and regulations, not repugnant to the laws of this state, as may be necessary to carry into effect the provisions of this act [18-3-1-1 — 18-3-1-55], and to repeal, alter or amend the same as they shall seem to require; but every by-law, ordinance or regulation imposing a penalty for its violation shall, except in case of emergency to be declared therein, be published in a newspaper of general circulation in the town, or if there is no such newspaper, then posted in one [1] public place in each ward of the town, at least ten [10] days before the same shall take effect."

Ordinance #10 was not a penal ordinance imposing a penalty for its violation although its passage clearly affected the Dagleys adversely. The publication or notice requirement of IC 1971, 18-3-1-48 therefore did not apply to this situation in that Ordinance #10 applied to the general class of persons holding licenses to sell alcoholic beverages in Fairview Park, albeit the class consisted of only the Dagleys at the time the ordinance was passed.

IC 1971, 7-1-1-19 (Burns Code Ed.)[3] which was in effect at the time this action was commenced, provided that any ordinance enabling

2. The Dagleys allege that they were not accorded the minimum due process requirements of notice and a hearing when the Board of Trustees enacted Ordinance #10. While the Dagleys' permit to sell liquor did not rise to the level of a constitutionally protected property or contract right, we note that the Board of Trustees did accord the Dagleys the opportunity to appear at a special meeting on April 12, 1971, to discuss Ordinance #10. While Ordinance #10 had already been passed, the A.B.C. was not yet notified of the Town Board's action and the Dagleys were still operating their lounge under a valid permit.

3. The subject-matter of repealed IC 7-1-1-19 is now covered by IC 1971, 7.1-3-9-1 — 7.1-3-9-10 (Burns Code Ed., Supp. 1977).

or consenting to the issuance of liquor retailers permits which is passed by the board of trustees of a town of less than 5,000 may not be "altered, amended or repealed for a period of two [2] years and sixty [60] days after the date of enactment."

Ordinance #10 was passed on January 4, 1971, two years and eighty-seven days after the adoption of Ordinance #7 which it repealed. Ordinance #10 was thus in compliance with the guidelines of IC 1971, 7-1-1-19.

The Dagleys also challenge the validity of Ordinance #10 as a proper legislative decision by the Board of Trustees.

As a general rule, a municipality which has been given the power to enact ordinances has, as a necessary incident thereto and without any express authorization in the statute, the power to modify or repeal such ordinances unless the power so to do is restricted in the law conferring it. The power is subject to the limitation that the repeal or change cannot be made so as to affect any vested rights lawfully acquired under the ordinance sought to be modified or repealed. *Vesenmeir v. City of Aurora* (1953), 232 Ind. 628, 115 N.E.2d 734.

The Town Board of Fairview Park was acting upon statutory authority when it moved to repeal Ordinance #7. IC 1971, 18-3-1-48, *supra*, grants a town board the power to "make and establish such by-law, ordinances and regulations, not repugnant to the laws of this state, as may be necessary to carry into effect the provisions of this act [18-3-1-1 — 18-3-1-55], and to repeal, alter or amend the same as they shall seem to require." Likewise, the Board of Trustees complied with the statutory requirements of IC 1971, 7-1-1-19, *supra*, in delaying any action to alter, amend, or repeal Ordinance #7 for a period of two years and sixty days after Ordinance #7 was enacted.

The actions of the Board of Trustees were in conformance with the statutes and were valid.

Finally, the Dagleys argue that the trial court erred in finding that they were not entitled to have a permanent injunction issued

against the Board of Trustees to prevent the enforcement of Ordinance #10.

With regard to the issuance of permanent injunction, our Supreme Court stated the following rule in *Indianapolis Market Association et al. v. City of Indianapolis, et al.* (1934), 207 Ind. 356, 192 N.E. 754:

"In order to invoke the jurisdiction of equity to determine the validity of an ordinance, there must first be asserted some property or civil right which the enforcement of the ordinance will violate, and facts must be alleged showing there is not adequate remedy at law. If such rights and facts are asserted and established, the court will inquire into the validity of the legislation. Otherwise, it will leave the validity of the legislation to be determined in an action at law."

*See also: Ratner v. City of Richmond* (1964), 136 Ind. App. 578, 201 N.E.2d 49; *State v. Superior Court of Marion County* (1964), 245 Ind. 339, 197 N.E.2d 634.

The complaint does not state facts sufficient to invoke the jurisdiction of equity where the Dagleys had no property right to the permit to sell liquor in the Town of Fairview Park, and, therefore, the trial court was correct in denying the Dagleys' request for a permanent injunction.

Dagleys present no reversible error, and we affirm the judgment of the trial court.

Affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 371 N.E.2d 1338.